█ WILLIAM MURRER et al., Respondents, v. GILLETTE O. STOLTZ, Appellant, et al., Defendants.— Order unanimously affirmed, without costs. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.14.) (Appeal from order of Monroe Special Term granting motion requiring witnesses to appear and be examined — CPLR 106.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.

█ STEPHEN MARYINUK, Appellant, v. JOHN M. PENDELL, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The court's charge, to which appellant excepted, did not adequately state the right of way rules applicable to the uncontrolled intersection where the collision occurred. (Cf. *Palmigiano* v. *Stiles*, 282 App. Div. 826.) The evidence shows that appellant drove his truck west on a town road into the intersection and collided with respondent's automobile which was going north on a State highway. There was evidence from which the jury could have found that appellant's truck entered the intersection before respondent's automobile did and there was also evidence from which it could have been found that both vehicles entered it at approximately the same-time. In either situation appellant would have had the right of way. (Vehicle and Traffic Law, § 1140, subds. [a], [b].) The court failed to make these right of way rules clear to the jury and the jury may well have understood from the court's charge that the State highway was a through highway and that the driver of the car traveling thereon had the right of way, whereas the State highway was not a through highway (Vehicle and Traffic Law, § 149) and travellers on both highways were subject to the same right of way rules at the intersection. (Appeal from judgment of Oswego Trial Term dismissing the complaint in an automobile negligence action.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.

█ JOHN PENDELL, Respondent, v. STEPHEN MARYINUK, Appellant.— Order unanimously modified on the law and facts to provide that the new trial be had upon all the issues, and as so modified, affirmed, with costs to the appellant to abide the event. See Memorandum in *Maryinuk* v. *Pendell* (27 A D 2d 694). (Appeal from order of Oswego Trial Term granting plaintiff's motion for a new trial.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.